FILED
00 MAR 31

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

DAVID HOLLINGSWORTH, }
}
    Plaintiff, }
}
v. } CASE NO. CV 99-B-0046-NW
}
TENNESSEE VALLEY AUTHORITY }
(TVA); CRAVEN CROWELL, }
CHAIRMAN; LARRY MUNSEY, }
EMS (RETIRED); and C.R. } **ENTERED**
RICHARDSON, Lead Electrical }
Foreman, } MAR 31 2000
}
    Defendants. }

## MEMORANDUM OPINION

    Currently before the court is defendants's Motion For Judgment On The Pleadings Or For Summary Judgment.[1] Plaintiff David Hollingsworth ("plaintiff") brings this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a (1994 & Supp. III 1997).[2] Plaintiff alleges that he was discriminated against on the basis of his age, and that TVA and his supervisors retaliated against and harassed him as a result of his having filed prior age discrimination complaints against TVA. Upon consideration of the record, the submissions of

---

[1] Defendants in this case are TVA; Craven Crowell, Chairman of TVA's Board of Directors; Larry Munsey, a retired Electrical Maintenance Supervisor (EMS) at TVA's Power Service Shops in Muscle Shoals, Alabama; and C. R. Richardson, Lead Electrical Foreman at the Power Service Shops.

[2] The court notes the plaintiff initially filed suit under 29 C.F.R § 1614, 102(b) and Title 29 U.S.C. § 623(d). However, pursuant to the Tennessee Valley Authority Act of 1933, 16 U.S.C. §§ 831 *et seq.*, the Tennessee Valley Authority is a government agency, and thus this suit is instead governed by 29 U.S.C. § 633a.



the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' motion is due to be granted.

## I. FACTUAL SUMMARY

Plaintiff is currently an employee of the Tennessee Valley Authority (TVA) at TVA's Power Service Shops in Muscle Shoals, Alabama. (Ex. VII attached to Opp. to Mot. for Summ. J.) He has held the position of Motor Winder/Electrician in TVA's Power Service Shops since 1980. (Decl. of C.J. (Jack) Giddy ("Giddy Decl.") at ¶ 2.) TVA's Power Service Shops provide skilled craft workers to TVA's power plants throughout the TVA power service area on an as-needed basis. (*Id.* ¶ 3.) These temporary assignments sometimes carry with them temporary promotions with an increased rate of pay, depending on the duties involved in the temporary assignment. (*Id.*)

Plaintiff has filed several Equal Employment Opportunity ("EEO") administrative complaints while he has been employed at TVA. (Decl. of Lynn P. Talley ("Talley Decl.") at ¶ 2.)[3] Plaintiff filed his first administrative complaint with TVA's Equal Opportunity Compliance ("EOC") office in 1993. (Talley Decl. at ¶3; Ex. 1 attached to Talley Decl.) In that complaint, plaintiff alleged that his early return from a temporary promotion at TVA's Browns Ferry Nuclear Plant was a form of age discrimination. (*Id.*) After a full investigation and a hearing before an administrative judge, TVA's EOC issued a final agency decision finding no discrimination. (Talley Decl. at ¶ 4; Ex. 2 attached to Talley Decl.) The decision notified plaintiff of his right to appeal to the EEOC and his right to file suit. (Talley Decl. at ¶ 4; Ex. 2

---

[3] Lynn P. Talley is the TVA manager responsible for maintaining the records of the administrative complaint process at TVA. (Talley Decl. at ¶ 1.)

attached to Talley Decl. at 3-5.) TVA's files indicate that plaintiff has done neither, thereby allowing the time period in which to do so to lapse. (Talley Decl. at ¶ 4.)[4]

Plaintiff next filed a reprisal claim with TVA's EOC office in 1994. (Talley Decl. at ¶ 5; Ex. 3 attached to Talley Decl.) In that administrative complaint, plaintiff alleged that he had been continuously harassed by management since filing his discrimination complaint in February of 1993. (*Id.*) The EOC office investigated the complaint, and plaintiff requested a hearing before an administrative judge. (Talley Decl. at ¶ 6; Ex. 4 attached to Talley Decl.) However, plaintiff voluntarily withdrew the complaint before a hearing could be held. (Talley Decl. at ¶ 7; Ex. 5 attached to Talley Decl.)

Finally, plaintiff filed an EEO administrative complaint in February of 1997. (Talley Decl. at ¶ 8; Ex. 6 attached to Talley Decl.) In that administrative complaint, plaintiff alleged that his failure to be appointed to a temporary foreman position on September 10, 1996, was an act of reprisal for filing prior administrative complaints. (*Id.*) After an investigation and a hearing before an administrative judge, TVA issued a decision on October 9, 1998, finding that plaintiff had been discriminated against when he was not appointed to a temporary foreman position in September of 1996. (Talley Decl. at ¶ 9; Ex. 7 attached to Talley Decl.) TVA ordered, and plaintiff received, equitable relief, including reinstatement and back pay for the period plaintiff would have served as temporary foreman absent the retaliatory nonassignment.

---

[4] The final agency decision stated:
> You have 30 CALENDAR DAYS after the receipt of this decision to <u>mail</u>, <u>hand deliver</u>, or <u>fax</u> a notice of appeal to the Director, Office of Federal Operations, Equal Employment Opportunity Commission.

(Ex. 2 attached to Talley Decl. at 3.) (capitalization and emphasis in original.)

3

(Talley Decl. at ¶ 10; Ex. 7 attached to Talley Decl at 4-5; Ex. 8 attached to Talley Decl.)

The Amended Complaint alleges that plaintiff was harassed as a form of retaliation, (Am. Compl. ¶ 5); that plaintiff was denied promotion opportunities as a result of his filing administrative complaints, (Am. Compl. ¶ 6); that defendants retaliated against him by "harassment, verbal abuses, emotional distress, physical threats and intimidation," (Am. Compl. ¶ 8); and that defendants retaliated against him by placing documents in his personnel file that were false and misleading, (Am. Compl. ¶ 9).

## II. DISCUSSION

### A. Motion For Summary Judgment

#### 1. Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party asking for summary judgment bears the initial burden of showing that no genuine issues exist. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgement, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of

inferences from the facts are left to the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the nonmovant need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988)

### 2. Proper Defendants

Plaintiff filed suit on January 9, 1999, naming TVA, Craven Crowell ("Crowell"), Larry Munsey ("Munsey"), and C.R. Richardson ("Richardson") as defendants. Defendants argue that the only proper defendant is Crowell, in his official capacity, because he is the only incumbent member of the TVA Board. (Br. In Supp. Of Def.'s Mot. For Judg. On The Pldgs. Or For Summ. J. ("Def.'s Br.") at 12-13.) Thus, defendants allege that TVA, Munsey, and Richardson are improperly named as defendants and should be dismissed. The court agrees.

#### a. TVA

TVA is not a proper defendant in an ADEA case involving the federal sector, and therefore, should be dismissed from the action. Section 717 of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-16 (1994 & Supp. III 1997), is "the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. GSA*, 425 U.S. 820, 835 (1976). Title VII provides that in an action against a federal agency, "the head of the . . . agency . . . ***shall be*** the defendant." 42 U.S.C. § 2000e-16(c) (1994) (emphasis added). Section 633a of the ADEA does not specify who should be named as a defendant in an age discrimination case. However, the procedural provisions of section 633a(c) were patterned after, and are to be construed in accordance with, 42 U.S.C. § 2000e-16(a), (b), the amendments to Title VII extending that statute's protection to federal employees. *See, e.g., Lehman v. Nakshian*, 453 U.S.

5

156, 162-64, 166-67 & n.15 (1981); *Edwards v. Shalala*, 64 F.3d 601, 605-06 (11th Cir. 1995); *Lavery v. Marsh*, 918 F.2d 1022, 1025 (1st Cir. 1990); *Honeycutt v. Long,* 861 F.2d 1346, 1348-49 (5th Cir. 1988). Thus, courts have repeatedly held that the only proper defendant in a federal employee's ADEA civil action is the head of the federal agency that employs the plaintiff. *See Honeycutt*, 861 F.2d at 1348-49; *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986), *cert. denied*, 481 U.S. 1050 (1987); *Ellis v. United States Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1986).

It is well-settled that no other person can be made a defendant except the agency's head, and claims against all other named defendants must be dismissed. *See Bates v. TVA*, 851 F.2d 1366, 1368 (11th Cir. 1988), *cert. denied*, 490 U.S. 1106 (1989) ("The TVA is headed by a three-member board of directors. Accordingly, the district court correctly dismissed TVA and [the director of the TVA division in which plaintiff was employed] because they were not proper parties under 42 U.S.C. § 2000e-16(c).") Thus, the court is of the opinion that TVA is not a proper defendant in the case at bar and, therefore, is due to be dismissed from the action.

### b. *Individual Defendants*

The individual defendants in this case, Munsey, a retired EMS at TVA's Power Service Shops, and Richardson, the Lead Electrical Foreman at the Power Service Shops, are also due to be dismissed. Neither Munsey nor Richardson is the "head" of TVA. *See Bates*, 851 F.2d at 1368. Moreover, it has been established that individual supervisors are not proper defendants in a discrimination action and are not liable for discriminatory employment actions under the ADEA. *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (recognizing that supervisors, as

employees, cannot be held individually liable under the ADEA or Title VII). Thus, the court is of the opinion that Munsey and Richardson are not proper defendants and are due to be dismissed from the action.

### 3. Exhaustion of Administrative Remedies

Plaintiff alleges that defendants retaliated against him for his filing of prior claims of age discrimination. As noted, § 633a governs cases in the federal sector alleging discrimination under the ADEA. 29 U.S.C. § 633a. Section 633a is a self-contained statute, and by enacting it, "Congress deliberately prescribed a distinct statutory scheme applicable only to the federal sector . . . ." *Lehman*, 453 U.S. at 166. Any ADEA claim brought by a federal employee is neither affected by nor subject to "any provision of [the ADEA], other than the provisions [pertaining to age limits] and the provisions of this section [633a]." 29 U.S.C. § 633a(f). Thus, rules pertaining to private sector ADEA claims do not govern claims under section 633a. *See Lewis v. Federal Prison Indus., Inc.*, 953 F.2d 1277, 1281-82 (11th Cir. 1992).

A federal employee who believes that he has been discriminated against due to his age has two avenues of relief under the ADEA. *Stevens v. Dep't of the Treasury,* 500 U.S. 1, 5 (1991). The first avenue allows a plaintiff to "invoke the EEOC administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies." *Id.* at 5-6 (citing 29 U.S.C. §§ 633a(b), (c)); *see also* 29 C.F.R. §§ 1614.201; *Ray v. Nimmo,* 704 F.2d 1480, 1483 (11th Cir. 1983). Alternatively, a plaintiff may proceed directly to court not less than 30 days after he has given the EEOC notice of his intent to file a civil action, as long as he has given the EEOC that notice within 180 days after the alleged unlawful action.

*Stevens*, 500 U.S. at 5-6 (citing 29 U.S.C. §§ 633a(d); *see also* 29 C.F.R. §§ 1614.201; *Ray*, 704 F.2d at 1483.

### a. 1993 Complaint

Plaintiff's 1993 EEO complaint alleged he had been discriminated against on the basis of age in February of 1993, when he was returned to his permanent position in the Power Service Shops from a temporary assignment at the Browns Ferry Nuclear Plant. (Talley Decl. at ¶ 3; Ex. 1 attached to Talley Decl.) The TVA EOC conducted a formal investigation followed by an administrative hearing. (Talley Decl. at ¶ 4.) The EOC issued an unfavorable final agency decision on April 6, 1994. (*Id.*; Ex. 2 attached to Talley Decl.) The decision stated that plaintiff had thirty days[5] within which to file an appeal if he was dissatisfied with the agency's final decision. (Ex. 2 attached to Talley Decl. at 3-4.) TVA further advised plaintiff that "[i]n lieu of an appeal to the Commission, you may file a civil action in an appropriate U.S. District Court WITHIN 90 CALENDAR DAYS of your receipt of this letter. The proper defendants are the members of the TVA Board of Directors in their official capacity." (*Id.* at 4.) (capitalization in original.)

The Eleventh Circuit has concluded that, in light of the ADEA's silence as to the applicable statute of limitations for actions brought by federal employees under the ADEA, the 90-day limitations period as provided in Title VII, 42 U.S.C. § 2000e-16(c), should govern. *Edwards,* 64 F.3d at 606.[6] Plaintiff did not appeal the agency's decision or file suit within the

---

[5] The federal regulations provide that a complainant has 30 days in which to appeal an agency's decision. 29 C.F.R. §§ 1614.402, 1614.403(c).

[6] In *Edwards,* the plaintiff did not file an administrative complaint, but instead chose the alternative route in pursuing his age discrimination claim, and filed a notice of intent to sue with the EEOC. *Edwards,* 64 F.3d at 603. However, several courts have concluded that the 90-day

time permitted following the administrative finding of no discrimination. (Talley Decl. at ¶ 4.) Thus, the court is of the opinion that the allegations raised in the 1993 complaint are time-barred and are not properly before the court. *Edwards*, 64 F.3d at 606.

### b. 1994 Complaint

Plaintiff filed another complaint alleging age discrimination in 1994. (Talley Decl. at ¶ 5; Ex. 3 attached to Talley Decl.) However, plaintiff voluntarily withdrew the complaint before the administrative hearing. (Talley Decl. at ¶ 7; Ex. 5 attached to Talley Decl.) Thus, plaintiff abandoned his claim, thereby failing to exhaust his administrative remedies. *See Castro v. United States*, 775 F.2d 399, 404 (1st Cir. 1985) (plaintiff's "voluntary abandonment of the administrative remedies he had chosen to pursue precludes his civil action under the ADEA").

The court notes that there is a split among the circuits as to whether a plaintiff alleging age discrimination under the ADEA must exhaust his or her administrative remedies before filing suit in federal district court. Several circuits have concluded that there is no longer an exhaustion requirement in age discrimination cases, even if the individual has initiated administrative proceedings. *See Bak v. Postal Service*, 52 F.3d 241 (9th Cir. 1995); *Adler v. Espy*, 35 F.3d 263 (7th Cir. 1994); *Chennareddy v. Bowsher*, 935 F.2d 315 (D.C. Cir. 1991); *Langford v. U.S. Army Corps of Engineers*, 839 F.2d 1192 (6th Cir.1988). Conversely, several courts have continued to require an ADEA plaintiff to exhaust his or her administrative remedies once the administrative process is initiated. *See Briones v. Runyon*, 101 F.3d 287 (2nd Cir. 1998); *Wrenn v. Secretary,*

---

statute of limitations provided by 42 U.S.C. § 2000e-16(c) also applies to plaintiffs who opt for the administrative alternative. *See, e.g., Velazquez Rivera v. Danzig*, 81 F.Supp.2d 316 (Puerto Rico 2000); *Long v. Frank*, 22 F.3d 54 (2nd Cir. 1994), *cert. denied*, 513 U.S. 1128 (1995); *Lavery v. Marsh*, 918 F.2d 1022 (1st Cir. 1990); *Taylor v. Espy*, 816 F.Supp. 1553 (N.D. Ga. 1993).

*Dep't. of Veterans Affairs,* 918 F.2d 1073 (2nd Cir. 1990); *Castro v. United States,* 775 F.2d 399 (1st Cir.1985); *Purtill v. Harris,* 658 F.2d 134 (3rd Cir. 1981); *Velazquez Rivera v. Danzig,* 81 F.Supp.2d 316 (D. P.R. 2000); *Baber v. Runyon,* 1998 WL 912065 (S.D.N.Y. 1998).

> This court agrees with the following reasoning stated in *Purtill*:
>
> Allowing a plaintiff to abandon the administrative remedies he has initiated would tend to frustrate the ability of the agency to deal with complaints. All participants would know that at any moment an impatient complainant could take his claim to court and abort the administrative proceedings. Moreover, such a course would unnecessarily burden courts with cases that otherwise might be terminated successfully by mediation or conciliation. Absent an indication of contrary congressional intent, we will not countenance circumventing the administrative process in this manner.

*Purtill,* 658 F.2d at 138. The court is of the opinion that plaintiff's voluntary withdrawal of the 1994 complaint constitutes abandonment of his claims and, consequently, a failure to exhaust administrative remedies. Thus, any allegations pertaining to the claims contained in plaintiff's 1994 complaint are precluded.

Even if plaintiff's claims regarding the 1994 complaint are not barred for failure to exhaust administrative remedies, plaintiff failed to meet the requirements established under the second avenue available to federal employees seeking redress for age discrimination. The ADEA provides:

> When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred.

29 U.S.C. §633a(d). A voluntarily withdrawn complaint does not constitute notice to the EEOC

or the employing agency of plaintiff's intent to sue. Thus, plaintiff failed to provide the Commission notice of his intent to sue within 180 days after the alleged discriminatory event occurred.

However, assuming arguendo that proper notice was given, plaintiff's claim is barred by the applicable statute of limitations. Plaintiff did not file suit until January 9, 1999. Thus, plaintiff failed to file suit within 90 days of any such notice and his claims regarding the 1994 complaint are barred by the statute of limitations. *See Edwards,* 64 F.3d at 606 (holding that "the analogous [90 day] limitations period from Title VII, 42 U.S.C. § 2000e-16(c), is the appropriate period to apply to ADEA claims brought by federal employees directly into federal court").[7] Thus, plaintiff's allegations relating to the 1994 complaint are time-barred.

### c. 1997 Complaint

As to plaintiff's 1997 administrative complaint, TVA's EOC office determined that plaintiff had been subjected to reprisal because of prior Equal Opportunity ("EO") participation when he was not set up to work as a temporary foreman on or about September 10, 1996. (Talley Decl. at ¶ 9; Ex. 7 attached to Talley Decl.; Ex. VII attached to Mot. in Opp. of Summ. J.) The final agency decision issued on October 9, 1998, ordered the Plant Manager of the Power Service Shops to offer plaintiff the position of temporary foreman or a substantially equivalent position and to provide back pay, interest, and benefits, in an amount to which he would have been entitled had he been given the temporary foreman position. (Talley Decl. at ¶ 10; Ex. 7

---

[7] The 90-day statute of limitations also applies to plaintiffs who elect the administrative process and subsequently file suit. *See supra* note 5.

11

attached to Talley Decl. at 4-5.) Further, the decision ordered the Plant Manager of the Power Service Shops to take the necessary steps to prevent future retaliation, harassment, or other discrimination. (*Id.*) By November 17, 1998, the Plant Manager had implemented or was in the process of implementing such corrective action. (Ex. 8 attached to Talley Decl.)

Plaintiff's Opposition To Motion For Summary Judgment does not dispute that plaintiff received full equitable relief for his 1997 administrative complaint or assert any other equitable relief to which he would have been entitled. However, plaintiff contends that he is entitled to front pay, back pay, liquidated damages, compensatory damages, and punitive damages, as well as any other equitable relief deemed appropriate by the court. (Am. Compl. at ¶ 10.) The court disagrees.

The TVA awarded plaintiff "back pay, interest, and benefits to which he is entitled in accordance with applicable laws and regulations." (Ex. 7 attached to Talley Decl. at 5.) Thus, plaintiff's claim for an award of back pay is without merit in that he has already been awarded back pay. Further, "[f]ront pay remains a special remedy, warranted only by egregious circumstances." *Lewis v. Federal Prison Industries, Inc.*, 953 F.2d 1277, 1281 (11th Cir. 1992). The court is of the opinion that no such egregious circumstances are present in this case, and the offer of a temporary motor winder foreman position offered to plaintiff on November 3, 1998, (Ex. 8 attached to Talley Decl.), suffices as an appropriate remedy. *See id.* at 1280; *see also Smith v. OPM*, 778 F.2d 258, 263 n.2 (5th Cir. 1985) (noting that where prevailing party is reinstated, there is no need to award front pay).

12

Additionally, plaintiff is not entitled to compensatory and punitive damages. The ADEA does not provide for compensatory and punitive damages. *Espinueva v. Garrett,* 895 F.2d 1164, 1165 (7th Cir. 1990) ("Neither Title VII nor the ADEA authorizes awards of compensatory or punitive damages, as opposed to 'equitable' relief such as reinstatement and back pay."); *Smith,* 778 F.2d at 263 ("damages for pain and suffering are not recoverable in a suit against the government under the ADEA"); *Goldstein v. Manhattan Industries, Inc.,* 758 F.2d 1435, 1446 (11th Cir. 1985) (noting that "while the ADEA does refer to the availability of 'such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter,' . . . this court has held . . . that neither punitive damages nor compensatory damages for pain and suffering are recoverable under the ADEA").

Further, plaintiff is not entitled to liquidated damages because such damages are not available under section 633a. *Smith,* 778 F.2d at 263-64; *Rattner v. Bennett,* 701 F. Supp. 7, 9 (D.D.C. 1988); *Chambers v. Weinberger,* 591 F. Supp. 1554, 1557-58 (N.D. Ga. 1984). Thus, plaintiff is only "entitled to recover such lost work benefits as constitute 'concomitants of employment.'" *See Goldstein,* 758 F.2d at 1446.

Plaintiff has not offered any evidence that he did not receive full relief for the allegations raised in his 1997 complaint. *See Wrenn v. Secretary, Dept. of Veterans Affairs,* 918 F.2d 1073, 1076, 1079 (2nd Cir. 1990) (settlement proposal made by federal agency to employment discrimination claimant during administrative proceedings offered the claimant full relief where it contained job offer, back pay, and retroactive seniority). Plaintiff is not entitled to pursue a claim for which he has already received full relief. *See Briley v. Carlin,* 172 F.3d 567, 571-72

(8th Cir. 1999) ("A corollary of the exhaustion rule is that if a claimant obtains full relief as a result of the administrative proceedings, then that claimant cannot bring a lawsuit in federal court." (internal quotation marks omitted)). The court agrees with the reasoning stated in *Wrenn*:

> To allow claimants . . . to continue to pursue claims that have been fully remedied during the administrative process would frustrate the congressional policy favoring administrative resolution of complaints for no discernible reason. Continued pursuit of such claims consumes judicial and other resources, resulting in a dead-weight social loss except for giving satisfaction to litigants who prefer court proceedings to administrative relief.

*Wrenn*, 918 F.2d at 1078. Because plaintiff has been fully compensated for his claim regarding the promotion to temporary foreman, any claims predicated on his 1997 complaint are precluded.

### d. Retaliation Claims

Although § 633a does not have a provision for a civil action for reprisal, "TVA's EOC granted relief for reprisal under the ADEA" in the present case, and "defendants do not assert here that there is no cause of action under the ADEA for reprisal." (Def.'s Br. at 7 n.5.) In plaintiff's affidavit, submitted with the Opposition To Motion For Summary Judgment, plaintiff alleges that "[t]his harassment and retaliation has continued and is occurring still. I had to file another retaliation claim as of April of this year." (Affidavit, attached to Opp. to Mot. for Summ. J. at 3.) This complaint is still under investigation by the TVA EOC. (Second Decl. of Lynn P. Talley at ¶ 5.) Thus, plaintiff has not exhausted his administrative remedies as to these allegations. Further, plaintiff has not argued, and there is no evidence indicating, that he fulfilled the requirements for filing suit in federal district court under the second avenue of relief under the ADEA.

Plaintiff relies on *Gupta v. East Texas State Univ.*, 654 F.2d 411 (5th Cir. 1981), for the proposition that exhaustion of remedies is not required for his retaliation claims. (Opp. to Mot. for Summ. J. at ¶ 9.) The *Gupta* court held that a court may exercise ancillary jurisdiction over an unexhausted retaliation claim when that claim "grows out of" a discrimination claim that is properly before the court. *Gupta*, 654 F.2d at 414. As previously noted, however, plaintiff has not established that any exhausted age discrimination claim is properly before the court. Thus, there can be no ancillary jurisdiction over plaintiff's unexhausted retaliation claims as there is no properly-exhausted claim of discrimination to which the retaliation claim can attach. *See e.g., Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761-62 (11th Cir. 1995).

### 4. Conclusion

Plaintiff's allegations are untimely, unexhausted, or fully adjudicated and, thus, are not properly before the court. The court notes the language of Federal Rule of Civil Procedure 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Plaintiff has failed to set forth specific facts showing that there is a genuine issue for trial.

TVA, Munsey, and Richardson are entitled to summary judgment as they are not proper defendants in a federal sector ADEA lawsuit. Further, the court is of the opinion that (1) plaintiff's allegation as to the 1993 complaint are precluded by the statute of limitations; (2) plaintiff's allegations as to the 1994 complaint are barred for failure to exhaust administrative

remedies, failure to comply with 29 U.S.C. § 633a(d), and failure to file the lawsuit within the appropriate statute of limitations; and (3) plaintiff has been afforded full relief as to the allegations in his 1997 complaint. The only administrative complaints raised by plaintiff prior to the filing of this suit are the three noted above. (Talley Decl. at ¶ 2.)[8] Because the allegations pertaining to these complaints are untimely, unexhausted, or fully adjudicated, they are not properly before the court. Consequently, there are no claims from which plaintiff's retaliation claims can "grow," as provided under the *Gupta* rule. Thus, the court is of the opinion that all defendants are entitled to summary judgment.

### B.     Judgment on the Pleadings

Defendants have also moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), on the ground that the complaint does not comply with Federal Rule of Civil Procedure 8(a). Defendants argue that the conclusory allegations of discrimination in the complaint fail to state a claim upon which relief can be granted. (Def.'s Br. at 5-8.) The court agrees.

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b) motion to dismiss. *See e.g.*, 2 James Wm. Moore, Moore's Federal Practice ¶ 12.38 (3d ed. 1999); *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th

---

[8] Plaintiff submitted an affidavit with his Opposition To Motion For Summary Judgment on August 19, 1999. (Ex. III attached to Opp. to Mot. for Summ. J.) However, this affidavit contains new allegations of discrimination which are not related to the allegations contained in the Amended Complaint. In fact, these allegations appear to be related to a fourth administrative complaint filed by plaintiff on June 28, 1999, subsequent to the filing of the current lawsuit. (*See* Second Decl. of Lynn P. Talley at ¶ 5). Such allegations are not properly before the court.

16

Cir. 1995); *Andreu v. Sapp,* 919 F.2d 637, 639 (11th Cir. 1990). The facts stated in the complaint must be accepted as true for purposes of the motion, and all facts must be viewed in the light most favorable to the nonmoving party. *Mergens v. Dreyfoos,* 166 F.3d 1114, 1117 (11th Cir. 1999). In determining whether to grant or deny the motion, the court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached as exhibits. 2 James Wm. Moore, Moore's Federal Practice, ¶ 12.38 (3d ed. 1999); *See* FED. R. CIV. P. 10(c); *see also Northern Indiana Gun & Outdoor v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998). Defendants's motion will be granted if judgment as a matter of law would be appropriate. *Mergens,* 166 F.3d at 1117.

The pleadings "must set forth sufficient information to suggest that there is some recognized legal theory upon which relief may be granted." *District of Columbia v. Air Fla., Inc.,* 750 F.2d 1077, 1078 (D.C. Cir. 1984); *see also Flinn v. Gordon,* 775 F.2d 1551 (11th Cir. 1985), *cert. denied,* 476 U.S. 1116 (1986). "Something more than a conclusory allegation . . . is required. Some facts as to when, how, to whom, and with what results such discrimination has been applied are minimum requirements of Rule 8(a)." *Bivins v. Jeffers Vet Supply,* 873 F. Supp. 1500, 1510 (M.D. Ala. 1994) (quoting *Ogletree v. McNamara,* 449 F.2d 93, 98-99 (6th Cir. 1971)) (internal quotation marks omitted); *see also Benoit v. Ocwen Fin. Corp.,* 960 F. Supp. 287, 289 (S.D. Fla. 1997) (third amended complaint for ADEA violations dismissed with prejudice for failing to comply with Rule 8 when it set out broad, vague, and conclusory statements concerning pattern and practice of discrimination without alleging how each plaintiff had been injured or how each plaintiff's claim fit within subjective conclusions in complaint);

17

*Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 879 (M.D. Fla. 1996) (civil rights complaint must be more than conclusory and, to provide fair notice, must allege practices in sufficient detail to permit informed response).

Plaintiff's complaint contains only a vague list of alleged "discriminatory and retaliatory" actions taken against him by defendants, essentially asserting only that defendants harassed him and denied him promotion opportunities. The complaint provides notice to defendants that plaintiff feels he has suffered harm in his employment, but it does not provide notice to defendants as to when or how any of the alleged harm occurred, or of any of the particular incidents that plaintiff alleges were retaliatory. Plaintiff's mere conclusory allegation that he believes that defendants are discriminating against him does not suffice to maintain a cause of action under the ADEA. *See Ruderman v. Police Dep't*, 857 F. Supp. 326, 330 (S.D. N.Y. 1994). Because plaintiff's allegations rely on "bald accusations" and state "no facts in support of a claim of continuing discrimination," plaintiff's allegations must be dismissed for vagueness. *Id.* Thus, the court is of the opinion that the complaint gives insufficient notice to defendants, and the case is due to be dismissed on the pleadings for failure to state a claim.

### III. CONCLUSION

Based on the foregoing, the court is of the opinion that TVA and the individual defendants are not proper parties to this action. Further, the court is of the opinion that the remaining defendants are entitled to summary judgment because plaintiff's allegations are untimely, unexhausted, or fully adjudicated. Additionally, defendants are entitled to judgment on the pleadings because the complaint fails to comply with Federal Rule of Civil Procedure

8(a). Thus, Defendants' Motion For Judgment On The Pleadings Or For Summary Judgment is due to be granted. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

    **DONE** this __31st__ day of March, 2000.

                                        **SHARON LOVELACE BLACKBURN**
                                        United States District Judge